UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARREN BOYKINS,** | Civil Action No. 16-239 (MCA) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **THE ATTORENY GENERAL OF THE STATE OF NEW JERSEY,** | |
| Respondent. | |

*Pro se* Petitioner Darren Boykins, a prisoner confined at Northern State Prison, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254, and it appearing that:

1. Petitioner is a convicted state prisoner challenging his New Jersey state court conviction pursuant to 28 U.S.C. § 2254. He filed this habeas petition on January 12, 2016.

2. Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP") that contains a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under L.Civ.R. 81.2(b).

3.      The Court also notes that Petitioner did not submit his habeas petition on the proper form. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

1

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014). Petitioner also failed to fill out the form completely and provide facts to support his grounds for relief.

THEREFORE, it is on this day of 6th Feb, 2016;

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include (1) a complete, signed habeas petition on the appropriate form, and (2) a complete *in forma pauperis* application, including a certification of Petitioner's

institutional account, as required by Local Civil Rule 81.2(b); or (2) the $5 filing fee; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
Madeline Cox Arleo, District Judge
United States District Court